Receipt No. 066839

ORIGINAL

FILED
JUL 1 2 2007
U.S. COURT OF FEDERAL CLAIMS

UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| AMERICAN CONTRACTORS INDEMNITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SMALL BUSINESS ASSOCIATION, an agency of THE UNITED STATES OF AMERICA,<br><br>Defendant | CIVIL ACTION<br>FILE NO. 07-374 C |

**COMPLAINT**

COMES NOW, American Contractors Indemnity Company ("ACIC" or "Plaintiff") and files this, its Complaint against the United States Small Business Administration, an agency of the government of the United States of America ("SBA" or "Defendant") and in support of same shows this Court as follows:

**PARTIES AND JURISDICTION**

1.

ACIC is a company created under the laws of the state of California with its principal place of business in California. Plaintiff is in the business of, among other things, issuing performance and payment contract bonds as surety for the performance of construction contracts.

2.

SBA is an agency of the United States Government pursuant to 15 U.S.C. § 633 *et seq.*, and may be served through delivery by the Clerk of the United States Court of Federal Claims to the United States Attorney General or an agent designated by the authority of the Attorney General pursuant to RCFC Rule 4.

3.

SBA is subject to the jurisdiction of this Court pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1), which gives this Court jurisdiction over any claim against the United States founded upon express or implied contract with the United States and by 15 U.S.C. § 694b which authorizes the SBA to enter into agreements such as the contract which is the subject matter of this action.

**CLAIM**

4.

The allegations contained in Paragraphs 1 through 3 of this Complaint are hereby incorporated by reference, as if fully set forth herein.

5.

All conditions precedent to Defendant's liability to Plaintiff have been met or have occurred.

6.

The Small Business Investment Act of 1958, as amended, authorizes the SBA to guarantee the reimbursement of a surety participating in the Surety Bond Guarantee Program for up to a specified percentage of their losses incurred and paid as a result of the contractor's breach of the terms of a guaranteed bid bond, payment bond or performance bond.

7.

On September 27, 2002, SBA entered into a written Surety Bond Guarantee Agreement with ACIC (the "Guaranty Contract"). A true and accurate copy of the Guaranty Contract is attached to this Complaint as Exhibit 1 and incorporated herein by reference in its entirety.

8.

Pursuant to the Guaranty Contract, SBA agreed to reimburse ACIC eighty percent (80%) of any loss or expense suffered by ACIC in connection with a bond issued pursuant to the terms of the Guaranty Contract.

9.

In 2002, a company named DiGiovanni Insulation and Refractory, Inc. ("DiGiovanni") applied to ACIC for bonds to be issued in connection with a project to construct alterations and additions to a two-story building to include Chinese restaurant and office warehouse, located at 160 St. Charles Ave., New Orleans, Louisiana, 70130 (the "Project"). The owner of the Project was Steve Ho ("Owner").

10.

As partial consideration for issuing bonds for the Project, DiGiovanni, as principal obligor and as a corporate indemnitor, and Janet DiGiovanni and Emile DiGiovanni, each as individual indemnitors, (hereinafter collectively the "Indemnitors") executed and delivered to ACIC a General Agreement of Indemnity dated August 20, 2002 (the "Indemnity Agreement"). A true and correct copy of the Indemnity Agreement is attached as Exhibit 2 and incorporated herein by reference in its entirety. As additional mitigation of the anticipated exposure on the bonds requested by DiGiovanni, ACIC obtained from DiGiovanni an agreement by the Louisiana Bond Assistance Program (the "LBAP") to guarantee any losses that might be incurred by ACIC on such bonds up to a total of $200,000.00.

11.

On October 4, 2002, in consideration of, and in legal and detrimental reliance upon the Guaranty Contract, ACIC executed payment and performance bonds numbers 160555 (the "Bonds") in connection with the Project. The Bonds referenced a contract between DiGiovanni and Owner for construction by DiGiovanni of the Project (the "Contract"). A true and correct copy of the Contract is attached as Exhibit 3 and incorporated herein by reference in its entirety. The original penal amount of each bond was $1,781,850.00. A true and correct copy of the Bonds is attached as Exhibit 4 and incorporated herein by reference in its entirety.

12.

During the performance by DiGiovanni of work on the Project, the Contract price was increased by $240,000.00. In consideration of payment of an additional fee, the SBA agreed in writing to an amendment of the Guaranty Contract to increase its guarantee from the original contract and bond amount of $1,781,850.00 to $2,021,850.00. In accordance with applicable regulations, the SBA reduced its reimbursement obligation to 79.14% of any loss suffered by ACIC on the Bonds. A true and correct copy of the Amended Guaranty Contract is attached as Exhibit 5 and incorporated herein by reference in its entirety.

13.

In or around July, 2004, ACIC received notice of claims on the Bonds. DiGiovanni's subcontractors and suppliers filed multiple liens on the property improved by the Project, some of which resulted in lawsuits. The claims on the Payment Bond were investigated and resolved by way of payment and settlement. The payments made by ACIC to resolve the Payment Bond claims were reasonable. Payments under the Payment Bond totaled $204,650.67.

14.

DiGiovanni was declared in default by the Owner and ultimately terminated from performing the Contract. The resulting claim on the Performance Bond was investigated by ACIC and resolved by settlement. The settlement was a reasonable disposition of the claim against the Performance Bond. ACIC made payments totaling $650,000.00 to settle the Performance Bond claim.

15.

The parties to the Contract had reason to believe that the Project architect might share some responsibility for the loss. Pursuant to ACIC's settlement with the Owner, the Owner assigned his right of action against the architect on the Project to ACIC. ACIC is currently pursing a lawsuit against the Architect.

16.

ACIC incurred approximately $103,018.14 in expenses and attorney fees investigating and defending the claims on the Bonds. The expenses and attorney fees incurred by ACIC investigating and defending the claims on the Bonds were in all respects reasonable.

17.

ACIC recovered $200,000.00 from the LBAP in connection with the Bonds. ACIC applied the recovery against its losses such that SBA received the benefit of the recovery.

18.

ACIC timely notified SBA of the claims and provided multiple reports on the status of the claims and payments made therein in full compliance with 13 C.F.R. § 115.35(a) and (b) and all other applicable regulations and standards of performance under the Guaranty Contract.

19.

In compliance with 13 C.F.R. § 115.35(c), ACIC has submitted numerous requests for payment by the SBA of $619,548.51, with supporting documentation. To date, which is over ninety (90) days since the requests for reimbursement, SBA has failed and refused to remit payment. By letter dated May 4, 2007, SBA declared, as a final decision of the agency, that it would not "honor this claim [by ACIC] or any other claim arising out of the DiGiovanni default." A true and correct copy of the letter of May 4, 2007, is attached as Exhibit 6 and incorporated herein by reference in its entirety.

20.

ACIC has notified the Indemnitors of ACIC's losses on the Bonds and demanded the deposit of collateral and indemnification pursuant to the Indemnity Agreement. Indemnitors have failed and refused to provide indemnification and ACIC is currently pursing a lawsuit against the Indemnitors.

21.

SBA's refusal to pay under the Guaranty Contract is wrongful and constitutes a breach of that agreement. SBA's failure and refusal to remit payment of $619,548.51 has caused ACIC to suffer damages.

WHEREFORE, ACIC prays that judgment be entered against Defendant SBA as follows:

1. for the recovery of $535,756.16, which constitutes amounts payable under the Guaranty Contract in partial reimbursement of payments made by ACIC to satisfy claims against the Bonds;

2. for the recovery of $83,792.35, which constitutes amounts payable under the Guaranty Contract in partial reimbursement of attorney fees or court costs incurred and other costs related to the investigation and defense of litigation of claims made on the Bond;

3. for recovery of pre-judgment interest at the legal rate of interest until the date of judgment;

4. for recovery of post-judgment interest at the maximum rate allowed by law; and

5. for an award of any and all further relief this Court deems just and proper.

This 11 day of July, 2007.

THOMPSON, SLAGLE & HANNAN, LLC

DeWitte Thompson
Georgia Bar No. 707688
Attorney for Plaintiff

12000 Findley Road
Suite 250
Duluth, GA 30097
Telephone No. (770) 662-5999
Facsimile: No. (770) 447-6063