UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMERICAN CONTRACTORS INDEMNITY COMPANY, | ) | |
| Plaintiff, | ) | Case No. 07-374C |
| v. | ) | (Judge Sweeney) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

The United States respectfully submits this reply in support of its motion to dismiss. ACIC's response attempts to obscure the relevant issue: whether ACIC violated section 115.19(e)(2) by agreeing to a material alteration of the bond amount. As detailed below, because ACIC agreed to a $240,000 increase in the bond amount, effective March 24, 2003, the SBA correctly denied liability for the bond issued by ACIC.

## ARGUMENT[1]

### I. The Pleadings Demonstrate That The Effective Date Of The $240,000 Bond Amount Was March 2003.

Despite ACIC's attempt to obscure the facts and law, the pleadings show that ACIC failed to obtain the SBA's prior written approval for an increase of $240,000 in the Surety Bond Guarantee Agreement. Instead of seeking approval as of March 24, 2003 – the effective date of the increase – ACIC waited until more than one year later – May 19, 2004 – to seek the SBA's approval.

---

[1] Section III(B) of ACIC's response describes at length its view of the nature and purpose of SBA's surety bond guarantee program. This discussion, however, is not argument and is largely unsupported by any authority, and the Government will not be responding to this section of ACIC's brief.

ACIC's reliance on the SBA's comments in the Federal Register is erroneous. As ACIC describes, the comments in the Federal Register reflect that the SBA does not object to a bond carrying an "effective date" on the premise that many bonds are given an effective date that is the same as the date of the related contract. 61 F.R. 3266. The SBA permits this because "many obligees require that the bond be dated the same date as the contract, regardless of the actual execution date of the bond." Id. at 3269. The comments make clear, however, that "SBA does not object to a bond carrying an 'effective date' (e.g., 'dated as of July 1, 1996') that is earlier than its execution date (e.g., 'signed July 20, 1996') as long as there is proper documentation of the actual date of execution of the bond and such execution date is no earlier than the date of SBA's guarantee." Id.

Applying the analysis described in the comments to the circumstances at issue here reveals that ACIC's argument is nothing more than a red herring. Under a scenario like the one described in the comments, the "effective date" of the surety rider would bear the date of the contract, which in this case was September 13, 2002 – not March 24, 2003. Thus, it is clear that the March 24, 2003 "effective date" has nothing to do with the date of the contract, and therefore ACIC's reliance upon SBA's comments is misplaced and misleading.

**II. ACIC Agreed To A Material Alteration Of The Bond On March 24, 2003.**

ACIC argues at great length that because the surety rider was not delivered and accepted by the obligee, the effective date of the Surety Rider is not determinative. Once again, however, ACIC's argument misses the point.

As stated in the Government's initial brief, section 115.19 of the SBA's regulations, titled "Denial of Liability," states that "[i]n addition to equitable and legal defenses and remedies under contract law, the Act and the regulations in this part, SBA is not liable under a Prior

Approval or PSB Agreement if any of the circumstances in paragraphs (a) through (h) of this section exist." As one of those circumstances, section 115.19(e)(2) describes an "alteration" as:

> Without obtaining prior written approval from SBA . . . , the Surety agrees to or acquiesces in any material alteration in the terms, conditions, or provisions of the bond, including . . . [i]n the case of a Prior Approval Surety, acquiescing in any alteration to the bond which would increase the bond amount by at least 25% or $50,000.

(Emphasis added).

Here, regardless of whether the surety rider was delivered, it is clear that ACIC violated section 115.19(e)(2) by agreeing to a material alteration on March 24, 2003. The surety rider states that "[f]or valuable consideration, receipt of which is acknowledged, surety hereby gives its consent to change: the contract/bond amount from $1,781,850 with approved changed order of $240,000 with appropriate change order signed to $2,021,850.00 to be effective March 24, 2003." Thus, effective March 24, 2003, the surety acknowledged that it received "valuable consideration" and that it "consent[ed]" to the change in the bond amount. This fits squarely within the definition of "alteration" provided by section 115.19(e)(2), and therefore, it is indisputable that the SBA correctly denied liability pursuant to section 115.19. Whether or not ACIC delivered the bond is immaterial for a determination of a violation of section 115.19. The only relevant consideration is whether and when ACIC "agree[d] to or acquiesce[d] in any material alteration in the terms, conditions, or provisions of the bond."

Regardless, even if the Court considers plaintiff's argument that the surety is not liable until the bond is delivered to and accepted by the obligee, it is irrelevant under the present circumstances. The obligee in this case is the company that paid ACIC for the bond. Because ACIC acknowledged receiving consideration from the obligee in the Surety Rider, the bond was obviously delivered and the obligee was aware of its existence.

## CONCLUSION

For the reasons set forth above, this Court should dismiss plaintiff's complaint pursuant to RCFC 12(b)(6).

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/Sean M. Dunn
SEAN DUNN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tele: (202) 616-0883
Fax: (202) 353-7988

Attorneys for Defendant

CHRISTOPHER J. MCCLINTOCK
Office of Litigation
U.S. Small Business Administration
409 Third Street, S.W.
Washington, D.C. 20416

Of Counsel

December 20, 2007

**CERTIFICATE OF FILING**

I hereby certify that on this 20th day of December, 2007, a copy of the foregoing "Defendant's Reply In Support Of Motion To Dismiss" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Sean M. Dunn