UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMERICAN CONTRACTORS INDEMNITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CASE NO. 07-374c<br>(Judge Sweeney) |

**PLAINTIFF AMERICAN CONTRACTORS INDEMNITY COMPANY'S RCFC 59 MOTION**

**COMES NOW** Plaintiff American Contractors Indemnity Company ("Plaintiff" or "ACIC"), and moves, pursuant to Rule 59 of the Rules of the United States Court of Federal Claims ("RCFC"), that this Court grant Plaintiff a rehearing or reconsideration and alter or amend its Opinion and Order entered on April 30, 2008 (the "Order"), which granted Defendant's motion to dismiss and directed the Clerk of Court to enter judgment dismissing Plaintiff's Complaint with prejudice.

## I. STATEMENT OF THE CASE

ACIC filed this action seeking to recover on a Surety Bond Guarantee Agreement ("Agreement") entered into by the Small Business Administration of the United States ("Defendant" or "SBA"). Defendant filed a Motion to Dismiss for failure to state a claim, arguing that Plaintiff had failed to obtain the Defendant's prior written approval for an alteration of the bond, as required by 13 C.F.R. § 115.19(e)(2) (hereinafter the "Regulation") with respect to a particular $240,000.00 increase in the bond amount. Defendant relied upon a "Bond Rider"

(of which it provided a possibly incomplete copy with its Motion) to establish the "effective date" of the change.[1] Defendant asserted that "[i]nstead of seeking SBA's approval [of the change in the amount of the bonded contract] as of March 24, 2003—the **effective date** of ACIC's $240,000 increase—ACIC waited until more than one year later—May 19, 2004—to seek SBA's approval." Defendant's Motion to Dismiss at 1 (emphasis added).

In its response, ACIC sought to show that the date typed onto the face of the Bond Rider and identified thereon as the "effective date" was not determinative of the date that "the Surety agrees to or acquiesces…in any alteration to the bond which would increase the bond amount by…$50,000," which is the operative date as defined by the Regulation. In particular, ACIC argued that the Bond Rider could not have been enforceable—which ACIC contends is the only way that an "alteration to the bond would increase the bond amount"—until it was delivered, regardless of any recitation of "effective date" on the face of the document.[2] In its Reply, Defendant argued that "it is clear that ACIC violated [the Regulation] by **agreeing** to a material alteration **on** March 24, 2003;…[and that,] **effective** March 24, 2003, the surety acknowledged that it received 'valuable consideration' and…'consent[ed]' to the change in the bond amount;…[and that] [b]ecause ACIC acknowledged receiving consideration from the obligee in the Surety Rider, the bond was **obviously** delivered and the obligee was aware of its existence." Defendant's Reply at 3 (emphasis added). Thus, it was evident from Defendant's Reply that

---

[1] A copy of the Bond Rider along with a Power of Attorney form that Plaintiff believes was attached to the Bond Rider (and which is referred to in footnote 15 of the Order) is attached hereto as Exhibit "1."

[2] Plaintiff expects to show in this case that the Bond Rider was not delivered, if at all, until after the SBA approval was obtained. However, not all of the specific facts involved in issuance of the Bond Rider are presently available to Plaintiff, and Plaintiff may need to conduct third party discovery to obtain them. Moreover, it was never Plaintiff's intent to assert a policy argument that the Regulation should simply be disregarded.

Defendant did indeed contend that the mere recitation on the face of the Bond Rider of an "effective date" was determinative of the date of the surety "acquiescing in [an] alteration to the bond which would increase the bond amount," as described in the Regulation—even if, for example, the bond rider was not even created on that date but was created and back-dated much later. ACIC continues to assert, as it did in its Response, that the SBA's legal position on this point is simply wrong.

However this Court did not purport to base its dismissal of ACIC's Complaint on a holding that the recitation of an "effective date" on the face of the bond rider was determinative of compliance with the Regulation. The Order shows that the Court dismissed Plaintiff's Complaint because "plaintiff has not alleged any facts [in the Complaint] suggesting that defendant could not properly avail itself of the defense set forth in [the Regulation] in order to deny liability on the bond." That is, the dismissal of Plaintiff's Complaint was premised upon a finding of a deficiency in Plaintiff's pleading.

Respectfully, Plaintiff contends that Defendant's position that it is not liable under the Surety Bond Guarantee Agreement because of the alleged failure of ACIC to comply with the Regulation is, for pleading purposes, an assertion that ACIC failed to perform a condition precedent to Defendant's liability under the Agreement. The adequacy of Plaintiff's pleading with respect to conditions precedent is governed by Rule 9, RCFC. Rule 9(c) specifically allows a plaintiff to make a general averment that conditions precedent to the liability of the defendant have been satisfied, and Plaintiff's Complaint contains such an averment. Therefore, Plaintiff moves this Court, pursuant to RCFC 59, to amend its findings and alter the judgment to reflect that the Complaint states a cognizable cause of action, and to require Defendant to file an appropriate responsive pleading.

## II. ARGUMENT AND CITATION OF AUTHORITY

### A. Standard of Review

A trial court has discretion when deciding whether to grant a motion for reconsideration. See Pacific Gas & Electric Co. v. United States, 74 Fed. Cl. 779, 782 (2006). In order for a party to prevail upon such a motion, the party must demonstrate: (1) a clearly apparent or obvious error of law or mistake of fact in the Court's ruling that renders the decision manifestly unjust; or (2) a change in controlling law that might alter the Court's decision; or (3) new evidence that was not available at the time of trial. See Franconia Associates v. United States, 44 Fed. Cl. 315, 316 (1999). A motion for reconsideration enables a trial court to address oversights and gives the court an opportunity to amend a decision if it serves the interests of justice. See Pacific Gas & Electric Co., 74 Fed. Cl. At 782.

### B. Applicable Rule of Pleading

RCFC Rule 9(c) states, "[i]n pleading the performance or occurrence of conditions precedent, it is sufficient to aver **generally** that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity." (Emphasis added). The conditions precedent referred to in this Rule are conditions going to create liability or those which construct a legal capacity to sue. See Snyder v. Le Roy Dyal Co., 1 F.R.D. 362 (S.D.N.Y. 1940). Rule 9(c) permits the allegation that conditions precedent have been satisfied, waived, or excused to be "couched in general (and even conclusory) rather than detailed terms . . ." 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1303 (3d ed. 2008).[3] Rule 9(c) does not require that performance or

[3] Even if a claimant were to specifically aver conditions precedent but the specific averments do not negate performance or occurrence but leave open the possibility that performance or occurrence actually took place, the general allegation of performance of

occurrence even be pled; rather, it merely sets forth the manner in which such pleadings should be made where appropriate. 35A C.J.S. Federal Civil Procedure § 311.

In United States v. Trimble, 86 F.R.D. 435 (S.D. Fla. 1980), the United States sought to foreclose on defendant's mortgage for failure to make payments on a Farm Home Administration loan made pursuant to 42 U.S.C. § 1472. The defendant moved to dismiss the complaint on the grounds that the United States failed to comply or allege compliance with 7 C.F.R. § 1861.10, which required that borrowers be advised of the moratorium provisions of 42 U.S.C. § 1475 prior to proceeding with foreclosure. The court found that the defendant's contention that the government had failed to comply with the regulation was a valid defense which asserted the failure of "a condition precedent to liability." Because the plaintiff in Trimble "[had] not alleged compliance with [the regulation in question **nor [had] it alleged generally the performance or occurrence of any conditions precedent**,…the complaint [did] not satisfy the requirement of Rule 9(c)." Id. at 437 (emphasis added). In the present case, of course, the Complaint contains the general averments that were omitted by the plaintiff government in Trimble.

Rule 9(c) of the RCFC clearly allows for ACIC, as the plaintiff in this case, to plead generally and in conclusory fashion the satisfaction of conditions precedent to the Defendant's liability, which ACIC did. Accordingly, Plaintiff ACIC respectfully moves this Honorable Court to grant Plaintiff a rehearing or reconsideration and alter or amend its Order by vacating it and entering an order denying the Defendant's motion to dismiss.

---

performance or occurrence should control in determining whether a complaint states a claim for relief. 5A Wright & Miller, supra, at § 1303.

Respectfully submitted this 9th day of May, 2008.

THOMPSON, SLAGLE & HANNAN, LLC

*/s/DeWitte Thompson*
DeWitte Thompson
Georgia Bar No. 707688
Attorney for Plaintiff

12000 Findley Road
Suite 250
Duluth, GA 30097
Telephone No. (770) 662-5999
Facsimile: No. (770) 447-6063

**CERTIFICATE OF FILING**

I hereby certify that on this 9th day of May, 2008, a copy of the foregoing **PLAINTIFF AMERICAN CONTRACTORS INDEMNITY COMPANY'S RULE 59 MOTION** was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/DeWitte Thompson

.