# In the United States Court of Federal Claims

No. 07-374 C
(Filed: May 13, 2008)

************************************
AMERICAN CONTRACTORS INDEMNITY COMPANY, *
*
Plaintiff, *
*
v. *
*
THE UNITED STATES, *
*
Defendant. *
************************************

**ORDER**

On May 9, 2008, plaintiff filed Plaintiff American Contractors Indemnity Company's RCFC 59 Motion ("motion"). In its motion, plaintiff requests that the court grant "a rehearing or reconsideration and alter or amend its Opinion and Order entered on April 30, 2008 . . . ." Pl.'s Mot. 1. Plaintiff maintains that defendant's position that it is not liable under the Surety Bond Guarantee Agreement due to plaintiff's alleged failure to comply with the applicable regulation "is, for pleading purposes, an assertion that ACIC failed to perform a condition precedent to Defendant's liability under the Agreement." Id. at 3. Plaintiff argues that its complaint satisfies RCFC 9 because it contains a "general averment that conditions precedent to the liability of the defendant have been satisfied . . . ." Id. Plaintiff also attached an executed power of attorney, dated May 25, 2004, to its motion, a document that was previously not filed with the court, see Am. Contractors Indem. Co. v. United States, No. 07-374C, 2008 WL 1922982, at *8 n.15 (Fed. Cl. Apr. 29, 2008) ("Any other document purporting to contain a May 25, 2004 date was not submitted with the pleadings."), but that is apparently part of the surety rider that contains an effective date of March 24, 2003. Plaintiff therefore moves the court to amend its findings, to alter the judgment to reflect that its complaint states a cognizable cause of action, and to require defendant to file an appropriate responsive pleading.

Plaintiff filed its motion pursuant to RCFC 59. Rule 59(a) states, in relevant part:

> (1) A new trial or rehearing or reconsideration may be granted to all or any of the parties and on all or part of the issues, for any of the reasons established by the rules of common law or equity applicable as between private parties in the courts of the United States.

RCFC 59(a)(1). Subsection (b) states that "[n]o response to any motion under this rule may be filed, unless requested by the court." RCFC 59(b). The court finds that a response to plaintiff's motion from defendant is appropriate. **Accordingly, the court directs defendant to file a response to defendant's motion by no later than Friday, May 23, 2008.**

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge