**UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| AMERICAN CONTRACTORS INDEMNITY COMPANY, | ) | |
| Plaintiff, | ) | Case No. 07-374C |
| v. | ) | (Judge Sweeney) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S RCFC 59 MOTION**

Plaintiff, American Contractors Indemnity Company ("ACIC"), filed a motion for reconsideration of this Court's April 29, 2008 order granting the Government's motion to dismiss. Pursuant to the Court's May 13, 2008 order, the Government files this response.

**STANDARD OF REVIEW**

Motions for reconsideration are disfavored. See General Electric Co. v. United States, 189 Ct. Cl. 116, 118, 416 F.2d 1320, 1322 (1969) ("The court has a right to know before it decides whether the parties have anything further to present."). To prevail on a motion pursuant to Rule 59 of the Rules of the Court of Federal Claims ("RCFC"), the movant must point to a "manifest error of law, or mistake of fact" and demonstrate that the motion "is not intended to give an unhappy litigant an additional chance to sway the court." Circle K Corp. v. United States, 23 Cl. Ct. 659, 664-65 (1991); accord Seldovia Native Association Inc. v. United States, 36 Fed. Cl. 593, 594 (1996).

To sustain its burden under RCFC 59, the movant must show:

(1) that an intervening change in the controlling law has occurred;

(2) that previously unavailable evidence is now available; or

(3) that the motion is necessary to prevent manifest injustice.

First Fed. Lincoln Bank v. United States, 60 Fed. Cl. 501, 502 (2004); Fru-Con Construction Corp. v. United States, 44 Fed. Cl. 298, 301 (1999); accord Aerolease Long Beach v. United States, 31 Fed. Cl. 342, 376 (1994); aff'd 39 F.3d 1198 (Fed. Cir. 1994) (table); Bishop v. United States, 26 Cl. Ct. 281, 286 (1992). The decision whether to grant a motion for reconsideration lies within the sound discretion of the Court. See Yuba Natural Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir. 1990).

## ARGUMENT

ACIC's reliance on RCFC 59 in its motion for reconsideration is misplaced. ACIC does not argue that there has been an intervening change in controlling law, that there is newly discovered evidence upon which the Court should reconsider its prior ruling, or that there was manifest injustice. Rather, ACIC attempts to take a second "bite at the apple" to make an argument to the Court that it failed to present in its responsive brief to the Government's motion to dismiss.

As noted above, ACIC may not use the guise of a motion for reconsideration to obtain a second bite at the litigation apple. See Circle K Corp., 23 Cl. Ct. at 664-65. Motions for reconsideration should not be based on evidence that litigants could have brought before the Court. Keeton Corrections, Inc. v. United States, 60 Fed. Cl. 251, 254 (2004). Nor is Rule 59 intended for the Court to consider arguments that could and should have been made before the judgment issued. See Ignacio v. United States, 135 F.3d 775, 1998 WL 21968, *2 (Fed. Cir. 1998) (table) ("a new argument presented for the first time on reconsideration is ordinarily not regarded as properly raised before the trial court and preserved for appeal"); Frietsch v. Refco,

Inc., 56 F.3d 825, 828 (7th Cir. 1995) ("It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him.").

Here, ACIC argues that because it "plead generally and in conclusory fashion the satisfaction of conditions precedent to the Defendant's liability," the Court should vacate its order dismissing its case. Pl. Mot. at 5. ACIC could have presented this argument, however, in its response to the Government's motion to dismiss. Instead, ACIC waited until the Court granted the Government's motion to dismiss, and then decided to present this new argument relying upon RCFC 9(c). Because this argument could have been presented before the Court issued its decision, however – i.e., in ACIC's response – the Court should disregard ACIC's attempt to take a second bite at the litigation apple.

Even assuming ACIC's argument is considered timely, its reliance on RCFC 9(c) is without merit because ACIC does not allege that an intervening change in the controlling law has occurred, that previously unavailable evidence is now available,[1] or that the motion is necessary to prevent manifest injustice. See First Fed. Lincoln Bank, 60 Fed. Cl. at 502. ACIC only alleges that because it generally plead that it satisfied all conditions precedent, its complaint cannot be dismissed on grounds that it did not comply with 13 C.F.R. § 115.19(e)(2). Not only is this argument untimely, but it ignores the uncontroverted evidence showing that the Small Business Administration ("SBA") did not provide written approval prior to the $240,000 increase in the bond amount.

As the Court stated in its April 29, 2008 Opinion and Order ("Opinion and Order"):

---

[1] ACIC does not contend that the documents submitted as Exhibit 1 to its motion constitute new evidence.

> The undisputed facts show that the original Guarantee Agreement was approved by the SBA on September 27, 2002, reflecting a bond amount of $1,781,850.00. Pl. Ex. 1. On March 24, 2003, plaintiff agreed to a $240,000.00 increase in the bond amount, see Def.'s Ex. 1(indicating an "approved changed order of $240,000.00" to be effective March 24, 2003), an amount that is $190,000.00 in excess of the $50,000.00 limit provided in the regulation. Plaintiff did not submit a request to the SBA to approve the $240,000.00 increase until May 19, 2004. Def.'s Ex. 2 (indicating "5/19/04" as the date upon which the SBA received the amended Guarantee Agreement). The SBA approved the amended Guarantee Agreement reflecting the $240,000.00 increase in the bond amount on June 2, 2004. Id.

Opinion and Order at 13. Based on these facts, the Court concluded that ACIC failed to comply with section 115.19(e)(2). Id. at 13-14.

ACIC alleges – just as it did in its response brief (see Pl. Response at 12-16) – that it "expects to show in this case that the Bond Rider was not delivered, if at all, until after the SBA approval was obtained." Pl. Mot. at 2 n.2. The Court has already considered this argument, however, and determined that "the question of delivery of the surety rider is [not] relevant in this case." Opinion and Order at 13. The Court stated:

> Although plaintiff disputes the significance of the effective date contained on the surety rider and argues that it is not liable on the bond until the bond is accepted and delivered, the issue of plaintiff's liability on the bond is not before the court. As to the relevant issue, whether defendant breached the amended Guarantee Agreement, plaintiff never alleges any date(s) upon which it sought, let alone received, written approval from the SBA for an alteration of the bond.

Id. at 13 (emphasis supplied). Further, regardless of whether the surety rider was delivered, it is clear that ACIC violated section 115.19(e)(2) by agreeing to a material alteration on March 24, 2003. The surety rider states that "[f]or valuable consideration, receipt of which is acknowledged, surety hereby gives its consent to change: the contract/bond amount from

$1,781,850 with approved changed order of $240,000 with appropriate change order signed to $2,021,850.00 to be effective March 24, 2003." Pl. Mot., Ex. 1. Thus, effective March 24, 2003, the surety acknowledged that it received "valuable consideration" and that it "consent[ed]" to the change in the bond amount. This fits squarely within the definition of "alteration" provided by section 115.19(e)(2), and therefore, it is indisputable that the SBA correctly denied liability pursuant to section 115.19. Whether or not ACIC delivered the bond is immaterial for a determination of a violation of section 115.19.

ACIC's legal argument is similarly off the point. ACIC's reliance on United States v. Trimble, 86 F.R.D. 435 (S.D. Fla. 1980), is misplaced. ACIC correctly states that in Trimble, the Government's complaint did not satisfy Rule 9(c) because it did not specifically allege that it had complied with the statute at issue or that it had generally satisfied conditions precedent. Trimble, 86 F.R.D. at 436-37. The holding in Trimble, however, is not applicable in the present circumstances because, here, not only is ACIC's argument relying upon RCFC 9(c) untimely, but more significantly, the Amended Guaranty Contract that ACIC relies upon in its complaint to maintain that it received written approval from the SBA for the $240,000 increase is – as the Court's Opinion and Order described it – "wholly misleading." Opinion and Order at 14. This type of evidence, in addition to that already discussed above – which directly contradicts ACIC's assertion that it received written approval from the SBA approving the increase (see Compl. ¶ 12) – was not at issue in Trimble.

In light of the evidence and the Court's findings, ACIC cannot now hide behind RCFC 9(c) to avoid dismissal. "Rule 9(c) is designed to eliminate the detailed and largely unnecessary averments that resulted under the common law procedure, and to prevent nonmeritorious dismissals for failure to plead the fulfillment of conditions precedent that are not at issue in the

suit or simply are overlooked accidentally by the pleader." 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1302 (3d ed. 2008). Here, the condition precedent is at issue, and was not merely overlooked by ACIC. ACIC cannot assert that it received prior written approval from the SBA because it never in fact received such approval. Based on its failure to comply with section 115.19, ACIC's case should be dismissed.

**CONCLUSION**

For these reasons, we respectfully request that the Court deny ACIC's RCFC 59 motion.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Donald E. Kinner
DONALD E. KINNER
Assistant Director

/s/Sean M. Dunn
SEAN M. DUNN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Tele: (202) 307-0367
Fax: (202) 514-7969
Attorneys for Respondent

June 16, 2008

**CERTIFICATE OF FILING**

I hereby certify that on this 16th day of June, 2008, a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S RCFC 59 MOTION" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Sean M. Dunn