UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMERICAN CONTRACTORS<br>INDEMNITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CASE NO. 07-374c<br>(Judge Sweeney) |

**PLAINTIFF AMERICAN CONTRACTORS INDEMNITY COMPANY'S REPLY TO DEFENDANT'S RESPONSE TO AMERICAN CONTRACTORS INDEMNITY COMPANY'S RCFC 59 MOTION**

**COMES NOW** Plaintiff American Contractors Indemnity Company ("Plaintiff" or "ACIC"), and files this its reply to the response of Defendant United States of America ("Defendant" or "SBA") to Plaintiff's RCFC 59 Motion, respectfully requesting that this Court alter or amend its Opinion and Order ("Order") entered on April 30, 2008, granting Defendant's motion to dismiss and directing the Clerk of Court to enter judgment dismissing Plaintiff's Complaint with prejudice.

In its Response, Defendant once again muddles procedural issues with substantive ones, seeking preemptively to deny ACIC its day in court. This

Court should not, however, lose sight of the forest for the trees: SBA had a contract with ACIC. ACIC undertook a substantial risk in reliance upon the express undertaking of SBA through that contract, and incurred a substantial loss as a consequence. ACIC sought—and obtained—the approval of SBA for changes in the contract. These circumstances are not denied by SBA; nor could SBA deny them. Instead, SBA seeks to avoid its contractual liability by the assertion of an alleged technical failure by ACIC to follow the designated sequence of obtaining approval to a change in the amount before "acquiescing in [an] alteration to the bond which increase[d] the bond amount by…$50,000."

Under the Federal Rules of Civil Procedure, it is SBA's proper responsibility to plead in its answer the alleged failure of ACIC to satisfy the conditions to SBA's liability under the contract. But SBA, not surprisingly, would like to short-circuit that process, and avoid the difficult—and ACIC expects, ultimately unsuccessful for SBA—process of fleshing out the meaning of the regulation in question and of determining what actually transpired in the process by which SBA did, in fact, approve of the change in the bonded contract. Logically, the only way SBA can do that is by establishing some prima facie factual case of ACIC having, as noted, "acquiesced in [an] alteration to the bond…" prior to obtaining the approval

of SBA, **and** by denying ACIC any opportunity to rebut that assertion. Hence, SBA filed its motion to dismiss, relying upon the recitation of an "effective date" on the face of the "bond rider" to establish the critical date. In its response to SBA's motion to dismiss, ACIC's presentation of its argument was evidently not clear, and caused this Court to perceive that ACIC was conceding the sequence of operative legal events as claimed by SBA. To be clear, it is ACIC's position, going into discovery in this case, that the date appearing on the "bond rider" is neither accurate nor determinative of when ACIC "acquiesced" in the change to the bond; and it is ACIC's intent to prove, as alleged in its complaint, that "all conditions precedent to Defendant's liability to Plaintiff have been met or have occurred."

SBA's reliance upon General Electric Co. v. United States, 189 Ct. Cl. 118, 416 F.2d 1320, 1322 (1969), as cited, is misplaced. In that case (decided over a dissent), the motion for reconsideration followed the grant of a summary judgment motion that was decided only after the court had heard oral argument. The issue presented in the motion for reconsideration in General Electric Co. was a substantive issue of law that had been expressly noted during the oral argument. In its opinion the court in General Electric Co. emphasized that the potential importance of the issue had been

specifically brought to the attention of counsel during the earlier proceedings, noting "that a new issue or subject can be raised by queries from the bench, and counsel should be alert to this . . . ." In the present case, by contrast, the matter is before the Court on proceedings following a motion to dismiss; and the apparent basis for the dismissal was procedural, i.e., based upon the adequacy of complaint, not substantive. This Court's Order of dismissal was ACIC's first opportunity to know of this Court's perception of the case, and the Order in fact reflected some misapprehension of ACIC's contentions. Perhaps most importantly, SBA never characterized its motion to dismiss as premised on a failure by ACIC **to allege** satisfaction of a condition precedent. It was based on SBA's contention that ACIC **had in fact failed to satisfy** that alleged condition.

SBA also cites Circle K Corp. v. U.S., 23 Cl. Ct. 659 (1991). (That opinion was actually vacated by the court in 1996. Circle K Corp. v. U.S., 1996 WL 904545, 78 A.F.T.R.2d 96-7619, 97-1 USTCP 50, 338 (Fed. Cl. Nov. 15, 1996), noting that "[t]he withdrawal of those orders should be published so that those who are conducting legal research may easily find that the orders the Court filed on May 16, 1991, and on August 2, 1991, have been withdrawn [because] [o]therwise many may erroneously conclude that those orders constitute persuasive authority for the legal opinions expressed

therein." Nevertheless, the opinion in Circle K Corp. continues to be cited.) Like the opinion in General Electric Co., however, the opinion in Circle K Corp. is not an appropriate point of reference, simply because the circumstances in that case were so different. Like in General Electric Co., the motion for reconsideration in Circle K Corp. was for reconsideration of a grant of summary judgment.[1] The court noted that it had, in fact, "conferred with the parties by phone" regarding at least one issue raised in the motion, but that the movant "chose to ignore plaintiff's argument" in the original proceedings on the summary judgment motion. That is, the motion for reconsideration was presented despite the advanced stage of the proceedings and the record and, especially, despite what the court considered to have been extensive notice and opportunity to the movant to address the points later raised in the motion for reconsideration.

Finally, the case of Seldovia Native Association, Inc. v. U.S., 36 Fed. Cl. 593 (1996), cited by SBA as an accord with Circle K Corp., also involved a motion for reconsideration of a grant of summary judgment. Moreover, the original proceedings in that case featured "protracted briefing, including, post-argument briefs . . . ." Nevertheless, the court in Seldovia

[1] Indeed, that case involved a partial summary judgment, and the order in that case was therefore interlocutory. The case apparently went on for another five years.

Nature Association, Inc. largely considered the arguments presented on the motion for reconsideration, except on one point where the court found that the movant was "simply using this alleged error as an opportunity to re-argue the merits of the [original] finding." (But cf., Stockton East Water District v. United States., 76 Fed.Cl. 497, 500 (2007) ("…in order to address plaintiffs' concerns that reconsideration is necessary 'to prevent manifest injustice,' the court considers all of plaintiff's arguments."))

As SBA first notes—but then undercuts—in its Response, a motion for reconsideration is directed to the sound discretion of the court. Yuba Natural Res., Inc. v. United States, 904 F.2d 1577 (Fed. Cir. 1990). A motion for reconsideration is proper when the prior ruling reflects a "manifest error of law…[and]…the motion is necessary to prevent manifest injustice." In the present case, ACIC has pointed to a manifest error of law, specifically in this court's holding that "[ACIC] has not alleged any facts suggesting that defendant could not properly avail itself of the defense set forth in 13 C.F.R. sec. 115.19(e)(2)…," even though the "defense set forth in 13 C.F.R. sec. 115.19(e)(2)" is properly characterized as a contention by Defendant that Plaintiff had failed to satisfy a substantive condition precedent to Defendant's liability, **and** ACIC did in fact properly allege the satisfaction of conditions precedent to SBA's liability in the complaint. The

"manifest injustice" is, of course, in the denial of any opportunity to ACIC to present its claim in this action, in any fashion.

Further, it is manifestly unjust to deny ACIC its day in court based on the adequacy of ACIC's pleadings where **it is clear** that ACIC always understood the issue presented by the motion to dismiss to be the substantive issue of whether the "effective date" recited on the face of the bond rider is conclusive with respect to exactly when ACIC "acquiesce[d] in any alteration to the bond which would increase the bond amount by…$50,000" within the meaning of 13 C.F.R. sec. 115.19(e)(2). See, "I. QUESTION PRESENTED," Plaintiff American Contractors Indemnity Company's Response to Defendant's Motion to Dismiss, at p. 1. ACIC's perception in this respect was more than justified by the argument presented in SBA's Motion to Dismiss, which asserted that:

> Here, ACIC offers no evidence that that prior written approval was received for the $240,000 change in the bond amount **as of its effective date**, March 24, 2003….Thus, because the ACIC materially altered the bond through increasing it by $240,000 without SBA's prior approval, the SBA properly determined that it was not liable, and ACIC has not articulated a basis for its breach of contract claim.

SBA's Motion to Dismiss, at p.5 (emphasis added). And this view was only reinforced in SBA's Reply to ACIC's Response to the Motion to Dismiss, which recited that:

> Here, regardless of whether the surety rider was delivered, it is clear that ACIC violated section 115.19(e)(2) by agreeing to a material alteration on March 24, 2003.

SBA's Reply to ACIC's Response to SBA's Motion to Dismiss, at p.3.

Indeed, SBA reasserts its substantive argument on the conclusiveness of the facial recitation of an 'effective date" on the bond rider—in terms more appropriate to proceedings on a motion for summary judgment—even now, in its Response in opposition to ACIC's Motion for Reconsideration:

> Not only is this argument [that ACIC's complaint included an appropriate allegation of the satisfaction of conditions precedent to the liability of SBA] untimely, but **it ignores the uncontroverted evidence** showing that the Small Business Administration ('SBA') did not provide written approval prior to the $240,000 increase in the bond amount.

SBA's Response to ACIC's Motion for Reconsideration, at p.3 (emphasis added). It clearly is—and has been—SBA's contention that the recitation of

an "effective date" on the face of the bond rider **is conclusive and dispositive, as a matter of substantive law**, with respect to ACIC's claim in this case. That was the essential issue raised in the motion to dismiss, but it was not the apparent basis of this Court's Order. Accordingly, ACIC's Motion for Reconsideration is perfectly appropriate, and should be granted.

Respectfully submitted this 1st day of July, 2008.

THOMPSON, SLAGLE & HANNAN, LLC

12000 Findley Road, Ste. 250
Duluth, GA 30097
(770) 662-5999
(770) 447-6063 (facsimile)

*/s/DeWitte Thompson*
DeWitte Thompson
Georgia Bar No. 707688
Attorney for Plaintiff

**CERTIFICATE OF FILING**

I hereby certify that on this 1st day of July, 2008, a copy of the foregoing **PLAINTIFF AMERICAN CONTRACTORS INDEMNITY COMPANY'S REPLY TO DEFENDANT'S RESPONSE TO AMERICAN CONTRACTORS INDEMNITY COMPANY'S RCFC 59 MOTION** was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/DeWitte Thompson

.