# In the United States Court of Federal Claims

No. 07-374 C
(Filed: August 4, 2008)

| | |
|---|---|
| AMERICAN CONTRACTORS INDEMNITY COMPANY,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | RCFC 59; Motion for Reconsideration; Surety Bond; 13 C.F.R. § 115.19 (2002); RCFC 9(c) |

DeWitte Thompson, Duluth, Georgia, for plaintiff.

Sean Michael Dunn, United States Department of Justice, Washington, DC, for defendant.

**OPINION AND ORDER**

**SWEENEY**, Judge

Before the court is plaintiff's motion for reconsideration. Plaintiff, American Contractors Indemnity Company ("ACIC"), requests that the court "grant [it] a rehearing or reconsideration and alter or amend" the court's April 29, 2008 Opinion and Order, which granted defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). See Am. Contractors Indem. Co. v. United States, 81 Fed. Cl. 682, 683, 691-93 (2008). Pursuant to RCFC 59(b), the court directed defendant to file a response to plaintiff's motion, see Order, May 13, 2008, and permitted plaintiff to submit a reply to defendant's response, see Order, June 17, 2008. For the reasons stated below, plaintiff's motion is denied.

## I. PLAINTIFF'S MOTION FOR RECONSIDERATION[1]

ACIC maintains that the court's dismissal of its complaint "was premised upon a finding of a deficiency in Plaintiff's pleading." Pl. Am. Contractors Indem. Co.'s RCFC 59 Mot. ("Pl.'s Mot.") 3. Specifically, ACIC contends that defendant prevailed because ACIC allegedly "failed

---

[1] For a recitation of the underlying facts in this case, see American Contractors Indemnity Co., 81 Fed. Cl. at 683-85.

to perform a condition precedent to Defendant's liability under the [Surety Bond Guarantee] Agreement." Id. According to ACIC, its complaint adequately contains a "general averment that conditions precedent to the liability of the defendant have been satisfied . . . ." Id.; accord id. at 5 ("Rule 9(c) of the RCFC clearly allows for ACIC . . . to plead generally and in conclusory fashion the satisfaction of conditions precedent to the Defendant's liability, which ACIC did."); Pl.'s Reply Def.'s Resp. Pl.'s Mot. ("Pl.'s Reply") 6 ("ACIC did[,] in fact[,] properly allege the satisfaction of conditions precedent to [the] SBA's liability in the complaint."). Additionally, ACIC notes that defendant "never characterized its motion to dismiss as premised on a failure by ACIC to allege satisfaction of a condition precedent. [Rather, i]t was based on [the Small Business Administration's ("SBA")] contention that ACIC had[,] in fact[,] failed to satisfy that alleged condition." Pl.'s Reply 4. Accordingly, ACIC moves the court "to amend its findings and alter the judgment to reflect that the Complaint states a cognizable cause of action, and to require Defendant to file an appropriate responsive pleading." Pl.'s Mot. 3.

ACIC now states that the surety bond rider, which defendant appended to its motion to dismiss, was "a possibly incomplete copy." Id. at 2. Consequently, ACIC attached an exhibit to its motion, which purportedly contains the surety bond rider together with a document it offers for the first time on reconsideration–a power of attorney.[2] The power of attorney, which is dated May 25, 2004, appoints Macharl S. Zwart as ACIC's attorney-in-fact "with full authority to execute on its behalf bonds . . . and other contracts of indemnity and writings obligatory in the nature thereof, issued in the course of its business and to bind the Company thereby, in an Amount not to exceed $2,500,000.00." Pl.'s Ex. at 2. It appears that ACIC provided the power of attorney in response to the court's footnote fifteen:

> Plaintiff suggests that, because the power of attorney attached to the surety rider "was executed on May 25, 2004, over a year past the stated 'effective date' on the Surety Rider," the surety rider "could not have been legally effective until, at the very least, May 25, 2004." Pl.'s Resp. [Def.'s Mot. Dismiss] 16. The court notes that the surety rider, as submitted by defendant in its Exhibit 1 and which states an "effective" date of March 24, 2003, contains the signature of plaintiff's attorney-in-fact. Def.'s Ex. 1. The surety rider does not contain any additional attachment. See id. Any other document purporting to contain a May 25, 2004 date was not submitted with the pleadings. Consequently, in the absence of supporting documentation, the court is uncertain of how plaintiff arrived at the May 25, 2004 date it suggests. Regardless, as discussed below, the May 25, 2004 date is not relevant to the court's resolution of defendant's motion.

Am. Contractors Indem. Co., 81 Fed. Cl. at 690 n.15. Additionally, ACIC states that it "believes" this power of attorney was originally attached to the surety bond rider. Pl.'s

---

[2] Defendant notes in its response that "ACIC does not contend that the documents submitted as Exhibit 1 to its motion constitute new evidence." Def.'s Resp. Pl.'s Mot. ("Def.'s Resp.") 3 n.1.

Mot. 2 n.1.

ACIC argues that it "sought to show that the dated typed onto the face of the Bond Rider and identified thereon as the 'effective date' was not determinative" of the date that it agreed to or acquiesced in an alteration to the bond. Id. at 2; accord Pl.'s Reply 3 ("[I]t is ACIC's position, going into discovery in this case, that the date appearing on the 'bond rider' is neither accurate nor determinative of when ACIC 'acquiesced' in the change to the bond."). According to ACIC, defendant contends that "the recitation of an 'effective date' on the face of the bond rider is conclusive and dispositive, as a matter of substantive law, with respect to ACIC's claim in this case."[3] Pl.'s Reply 8-9. As ACIC notes, it previously argued that the surety bond rider "could not have been enforceable . . . until it was delivered, regardless of any recitation of 'effective date' on the face of the document."[4] Pl.'s Mot. 2. Moreover, ACIC states that it lacks "all of the specific facts involved in issuance of the Bond Rider" and, as a result, "may need to conduct third party discovery to obtain them." Id. at 2 n.2.

Defendant asserts that ACIC's reliance upon RCFC 59 is "misplaced" because it fails to argue that an intervening change in controlling law occurred, that there exists newly discovered evidence that warrants the court's reconsideration of its prior ruling, or that manifest injustice has occurred. Def.'s Resp. 2. Instead, defendant emphasizes that ACIC failed to show that the SBA "did not provide written approval prior to the $240,000 increase in the bond amount." Id. at 3. As such, defendant maintains that ACIC violated 13 C.F.R. § 115.19(e)(2) "by agreeing to a material alteration" without prior written approval from the SBA. Id. at 4, 6.

Furthermore, defendant argues that ACIC's reliance upon RCFC 9(c) is untimely and that it "cannot now hide behind RCFC 9(c) to avoid dismissal." Id. at 5. According to defendant, ACIC did not "overlook[]" the condition precedent at issue; rather, ACIC cannot satisfy the requirement. Id. at 6; accord id. ("ACIC cannot assert that it received prior written approval from the SBA because it never[,] in fact[,] received such approval."). Moreover, defendant notes that ACIC "could have" presented its argument that it satisfied conditions precedent to defendant's liability in its response to defendant's motion to dismiss. Id. at 3. Instead, defendant notes, "ACIC waited until the Court granted the Government's motion to dismiss, and then decided to present this new argument relying upon RCFC 9(c)." Id. As such, defendant

---

[3] ACIC argues that defendant has asserted this contention throughout these proceedings, Pl.'s Reply 8, but it ultimately concedes that this "essential issue raised in [defendant's] motion to dismiss . . . was not the apparent basis of this Court's Order," id. at 9; accord Pl.'s Mot. 3 ("[T]his Court did not purport to base its dismissal of ACIC's Complaint on a holding that the recitation of an 'effective' date on the face of the bond rider was determinative of compliance with the Regulation.").

[4] Defendant argues that delivery of the surety bond is not relevant to the court's inquiry. See Def.'s Resp. 5 (stating that "[w]hether or not ACIC delivered the bond is immaterial" for a determination of a violation of 13 C.F.R. § 115.19 (2002)).

characterizes ACIC's motion as an "attempt[] to take a second 'bite at the apple' to make an argument to the Court that it failed to present in its responsive brief to the Government's motion to dismiss." Id. at 2.

## II. STANDARD OF REVIEW

In Northern States Power Co. v. United States, the court stated that an evaluation of a motion for reconsideration is "guided by the general understanding 'that, at some point, judicial proceedings must draw to a close and the matter deemed conclusively resolved . . . .'" 79 Fed. Cl. 748, 749 (2007) (quoting Withrow v. Williams, 507 U.S. 680, 698 (1993)). Pursuant to RCFC 59(a), the court may grant a new trial, rehearing, or reconsideration "to all or any of the parties and on all or part of the issues, for any of the reasons established by the rules of common law or equity applicable as between private parties in the courts of the United States." The "decision whether to grant reconsideration lies largely within the discretion of the district court," Yuba Natural Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir. 1990), and courts must "consider motions for rehearing with exceptional care," Carter v. United States, 518 F.2d 1199, 1199 (Ct. Cl. 1975).

A motion for reconsideration "must be based 'upon manifest error of law, or mistake of fact, and is not intended to give an unhappy litigant an additional chance to sway the court.'" Prati v. United States, 82 Fed. Cl. 373, 376 (2008) (quoting Fru-Con Constr. Corp. v. United States, 44 Fed. Cl. 298, 300 (1999), aff'd, 250 F.3d 762 (Fed. Cir. 2000)). The moving party "must support the motion by a showing of extraordinary circumstances which justify relief." Fru-Con Constr. Corp., 44 Fed. Cl. at 300. "Specifically, the moving party must show: (1) the occurrence of an intervening change in the controlling law; (2) the availability of previously unavailable evidence; or (3) the necessity of allowing the motion to prevent manifest injustice." Matthews v. United States, 73 Fed. Cl. 524, 526 (2006) (citing Griswold v. United States, 61 Fed. Cl. 458, 460-61 (2004)). Therefore, a court "will not grant a motion for consideration if the movant 'merely reasserts . . . arguments previously made[,] . . . all of which were carefully considered by the Court.'" Ammex, Inc. v. United States, 52 Fed. Cl. 555, 557 (2002) (quoting Principal Mut. Life Ins. Co. v. United States, 29 Fed. Cl. 157, 164 (1993)), aff'd, 384 F.3d 1368 (Fed. Cir. 2004). A party "may not prevail on a motion for reconsideration 'by raising an issue for the first time on reconsideration when the issue was available to be litigated at the time the complaint was filed.'" Six v. United States, 80 Fed. Cl. 694, 697 (2008) (quoting Matthews, 73 Fed. Cl. at 525). Similarly, a motion for reconsideration "should not be based on evidence that was readily available at the time the motion was heard." Seldovia Native Ass'n v. United States, 36 Fed. Cl. 593, 594 (1996), aff'd, 144 F.3d 769 (Fed. Cir. 1998).

## III. DISCUSSION

In order to prevail on its RCFC 59 motion, ACIC must show one of the following: (1) the occurrence of an intervening change in the controlling law; (2) the availability of previously unavailable evidence; or (3) the necessity of allowing the motion to prevent manifest injustice.

Matthews, 73 Fed. Cl. at 526. ACIC has not argued that an intervening change in the controlling law affects this case. Because ACIC attached an exhibit to its motion, the court will first address whether this newly submitted evidence was previously available before discussing whether manifest injustice will result if the court rejects plaintiff's request for reconsideration.

### A. ACIC's Newly Offered Evidence Was Previously Available

ACIC states in its motion that it "sought to show that the date typed onto the face of the Bond Rider and identified thereon as the 'effective date' was not determinative of the date" upon which the surety acquiesced or agreed to an alteration that would increase the amount of the bond. Pl.'s Mot. 2. To that end, ACIC attached to its motion an exhibit containing the power of attorney. Yet, this document was available to ACIC previously and could have been submitted with the pleadings. Indeed, ACIC does not claim otherwise. See supra note 2.

In its denial of a motion for reconsideration, the court in Keeton Corrections, Inc. v. United States noted that the moving party attached evidence to its motion that previously "was readily available . . . during the court's consideration . . . [but] was not presented in the submissions any party filed with the court." 60 Fed. Cl. 251, 253 (2004). On that basis, the court concluded that the movant "failed to satisfy the burden required to grant a motion for reconsideration under RCFC 59." Id. The same situation encountered in Keeton Corrections, Inc. has occurred here. If ACIC believed that defendant failed to provide a complete copy of the surety bond rider in its motion to dismiss, then ACIC bore the responsibility to include the complete surety bond rider, including the power of attorney, with its response to defendant's motion to dismiss. Alternatively, ACIC could have submitted the entire document as an exhibit to its complaint. Instead, it relied solely upon defendant to file the surety bond rider as an exhibit to its motion to dismiss, an exhibit that ACIC now claims was incomplete. Certainly, ACIC knew that this document existed. Indeed, it represented to the court in its response to defendant's motion to dismiss that the power of attorney attached to the surety rider was executed on May 25, 2004. See Am. Contractors Indem. Co., 81 Fed. Cl. at 690 n.15. Therefore, ACIC could have presented this evidence to the court at that time. It did not do so. Consequently, the court will not consider this new evidence because it was previously available. Keeton Corr., Inc., 60 Fed. Cl. at 253; accord Seldovia Native Ass'n, 36 Fed. Cl. at 594.

But this determination does not end the court's discussion. Even if ACIC's new evidence had been timely submitted, it does not support reconsideration of the court's ruling. Indeed, ACIC has not explained how the power of attorney is relevant, particularly since the court already determined that the May 25, 2004 date that ACIC referenced on the power of attorney was "not relevant to the court's resolution of defendant's motion." Am. Contractors Indem. Co., 81 Fed. Cl. at 690 n.15.

Additionally, ACIC does not claim that any previously unavailable evidence purports to show that it received prior written approval from the SBA. Instead, ACIC states that it requires discovery to ascertain the specific facts involved in the issuance of the surety bond rider. Pl.'s

Mot. 2 n.2. The circumstances surrounding the issuance of the surety bond rider, however, are not relevant to the question of whether the SBA provided written approval to ACIC before an alteration in the bond amount occurred.

**B. ACIC Fails to Identify a Mistake of Fact, an Error of Law, or any Manifest Injustice**

ACIC does assert that it "has pointed to a manifest error of law" in the court's ruling; namely, that it "has not alleged any facts suggesting that defendant could not properly avail itself of the defense set forth in 13 C.F.R. sec. 115.19(e)(2) . . . ." Pl.'s Reply 6. ACIC maintains that it "sought–and obtained–the approval of [the] SBA for changes in the contract. These circumstances are not denied by [the] SBA; nor could [the] SBA deny them." Id. at 2. It argues that the SBA "seeks to avoid its contractual liability by the assertion of an alleged technical failure by ACIC to follow the designated sequence of obtaining approval to a change in the amount" of the bond. Id.

In its complaint, ACIC alleges that "[a]ll conditions precedent to Defendant's liability to Plaintiff have been met or have occurred," Compl. ¶ 5, and that "the SBA agreed in writing to an amendment of the Guaranty Contract to increase its guarantee from the original contract and bond amount," id. ¶ 12. ACIC maintains that the dismissal of its complaint "was premised upon a finding of a deficiency in Plaintiff's pleading." Pl.'s Mot. 3. Despite the allegations contained in its complaint, ACIC never asserts when the SBA agreed to the alteration in writing. As the court noted, "the date upon which the SBA provided written approval to an increase in the bond amount is conspicuously absent from plaintiff's Complaint, which merely alleges that the SBA 'agreed in writing to an amendment of the Guarantee Contract to increase its guarantee.'" Am. Contractors Indem. Co., 81 Fed. Cl. at 692 (quoting Compl. ¶ 12). Of course, that date was critical to the court's ruling. Notwithstanding ACIC's allegation that all conditions precedent had been satisfied, the court considered ACIC's evidence proffered in support of this allegation and ultimately found it to be misleading:

> The amended Guarantee Agreement, which was completed on SBA Form 990 and attached as defendant's Exhibit 2, reflects the information added to the original Guarantee Agreement that formally memorializes the handwritten 'amended' version of the original Guarantee Agreement contained in plaintiff's Exhibit 5. Plaintiff's Exhibit 5, however, is simply a marked-up version of its Exhibit 1 and contains the same dates as the original Guarantee Agreement. Thus, plaintiff's allegation that its Exhibit 5 is a true and correct copy of the amended Guarantee Agreement suggests either that the SBA approved the amendment on the same date upon which it approved the original Guarantee Agreement or that the SBA's approval of the amended Guarantee Agreement relates back to the date upon which the original Guarantee Agreement was executed. These suggestions are simply untrue and are not supported by the pleadings.

Id. (citations omitted). Although ACIC alleged that the SBA provided written approval to an

alteration in the amount of the surety bond, it never alleged when the SBA did so. As the court ruled,

> plaintiff has failed to allege any facts suggesting that it submitted to the SBA a request for written approval before the bond was increased by an amount greater than $50,000.00. Furthermore, plaintiff has failed to allege any facts suggesting that the SBA provided written approval prior to the $240,000.00 increase in the bond amount. As such, plaintiff has not alleged any facts suggesting that defendant could not properly avail itself of the defense set forth in 13 C.F.R. § 115.19(e)(2) in order to deny liability on the bond.

Id. at 693 (emphasis added).

As stated above, courts will not grant a motion for reconsideration where the movant merely reasserts arguments previously made to and considered by the court, see Ammex, Inc., 52 Fed. Cl. at 557, in order to avail itself of "an additional chance to sway the court," Fru-Con Constr. Corp., 44 Fed. Cl. at 300. ACIC "has an obligation 'to spell out its arguments squarely and distinctly' or else forever hold its peace," Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988) (quoting Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990 (1st Cir. 1988) (citation omitted)), and had a full opportunity to present its claim before the court and to respond to defendant's motion to dismiss, cf. Pl.'s Reply 1 (claiming that defendant seeks "preemptively to deny ACIC its day in court"). Moreover, "[a] litigant cannot ignore [its] burden of developed pleading and expect the district court to ferret out small needles from diffuse haystacks." United States v. Slade, 980 F.2d 27, 31 (1st Cir. 1992).

In this case, the court can neither give ACIC preferential treatment nor rewrite the applicable regulation to dispense with the requirement that the SBA provide prior written approval. Even if the court permitted ACIC to proceed with discovery, the critical issue–when the SBA gave its written approval–would not change. In fact, ACIC failed to submit previously available documents as evidence, and the newly proffered evidence does not support ACIC's claim that it satisfied a condition precedent. As a consequence, ACIC failed to demonstrate that the court's prior ruling contains a mistake of fact or an error of law, or causes manifest injustice. Furthermore, ACIC has not shown any extraordinary circumstances that justify the relief it seeks. Thus, the court determines that reconsideration is not appropriate.

## IV. CONCLUSION

For the reasons stated above, Plaintiff American Contractors Indemnity Company's RCFC 59 Motion is **DENIED**. No costs.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge